UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAJUAN KELLEY,                               Case No. 09-CV-12456

    Plaintiff,                                     Hon. John Corbett O'Meara

v.

FEDERAL GOVERNMENT, et al.,

    Defendants.

_____/

**ORDER GRANTING APPLICATION TO PROCEED**
**<u>*IN FORMA PAUPERIS*</u>  AND DISMISSING COMPLAINT**

Plaintiff Dajuan Kelley filed a *pro se* complaint on June 22, 2009, along with an application to proceed *in forma pauperis*.  The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees.  <u>See</u> 28 U.S.C. § 1915(a); <u>Gibson v. R.G. Smith Co.</u>, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e).  The court shall dismiss the complaint at any time if the court finds that it fails "to state a claim for which relief may be granted."  28 U.S.C. § 1915 (e)(2)(B)(ii).  The court's determination of failure to state a claim under § 1915(e) is the same as its determination under Fed. R. Civ. P. 12(b)(6).  1 Moore's Fed. Practice § 4.41[3].  *Pro se* plaintiff's pleadings are liberally construed.  <u>Middleton v. McGinnis</u>, 860 F.Supp.2d 391, 392 (E.D. Mich. 1994) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  However, even a *pro se*

plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Farmer Candy Shops, Inc., 89 F.2d 434, 436 (6th Cir. 1988). Conclusory and unsupported statements are insufficient to state a claim. Dellis v. Corrections Corp. of America, 25 F.3d 508, 511 (6th Cir. 2001). See also Hendrock v. Gilbert, 68 Fed. Appx. 573, 574 (6th Cir. 2003) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions").

To the extent the court understands Plaintiff's complaint, Plaintiff would like the court to notify the FBI of various crimes committed against him. There is no viable legal theory which would require this court to notify the FBI of alleged crimes, and so Plaintiff has failed to state a claim for which relief may be granted.

The remainder of Plaintiff's complaint is unintelligible, and the court cannot determine any basis for a claim or subject matter jurisdiction.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint be **DISMISSED** as frivolous and for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Based on the preceding order, any appeal by Plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); Goodell v. Anthony, 17 F.Supp.2d 796, 802 (E.D. Mich. 2001).

Date: July 23, 2009           s/John Corbett O'Meara
                              United States District Judge